UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADAM BRAY,

        Plaintiff,

v.

STATE OF INDIANA *et al.*,

        Defendants.

CAUSE NO. 3:20-CV-855-DRL-MGG

OPINION & ORDER

Adam Bray, a prisoner without a lawyer, is again attempting to sue the judge, the prosecutors, and the State of Indiana in connection with his state criminal case. *See Bray v. State of Indiana*, 3:20-cv-255 (N.D. Ind. filed March 20, 2020) (dismissed April 6, 2020 pursuant to 28 U.S.C. § 1915A). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Bray again alleges Judge Michael Bergerson improperly set bail in his State criminal case, has a conflict of interest, and denied his motion for a change of venue. As previously explained, "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir.

2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978). Setting bail and ruling on venue motions are within the jurisdiction of a state criminal court judge.

Mr. Bray acknowledges Prosecuting Attorney John Lake and Deputy Prosecuting Attorney Mark Roule have prosecutorial immunity. He does not make any specific allegations about them other than that they personally know the judge and that he is under investigation by the FBI. Mr. Bray is correct, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). However, prosecutorial immunity is not the issue here because he has not alleged they have done anything. Merely personally knowing a judge or that he is under investigation does not state a claim.

Finally, Mr. Bray alleges that because the judge and prosecutors have immunity, the State of Indiana is financially liable for their conduct. However, the State of Indiana has Eleventh Amendment immunity that generally precludes a citizen from suing a state or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the state based on a cause of action where Congress has

abrogated the state's immunity from suit; (2) suits directly against the state if the state waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here. Congress did not abrogate the States' immunity through the enactment of Section 1983. *Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). Indiana has not consented to this lawsuit and to the extent Mr. Bray is asking this court to change his bail, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED as pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

October 16, 2020                              *s/ Damon R. Leichty*
                                                                                  Judge, United States District Court